IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:08-590-CMC |
| v. | **OPINION and ORDER** |
| Elsa G. Montecinos, | |
| Defendant. | |

This matter is before the court on Defendant's motion for relief filed pursuant to 28 U.S.C. § 2255. The Government responded in opposition, moving for summary judgment and providing an affidavit of Defendant's trial and appellate counsel. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Defendant was advised of the procedures and necessity to respond to the Government's dispositive motion. Defendant did not file a timely response to the Government's motion and on October 26, 2012, the court granted the Government's motion for summary judgment and dismissed the § 2255 motion with prejudice.

On November 8, 2012, the court received a motion requesting an extension of time to respond to the Government's dispositive motion. Out of an abundance of caution, the court vacated its earlier order and reopened the § 2255 motion, giving Defendant until December 28, 2012, to respond to the Government's summary judgment motion. Defendant was warned that no further extensions would be granted. On January 2, 2013, Defendant filed a document titled "Points and Authori[ties] in Support of the Travers[e] to Government Response . . . ." ECF No. 1395.

Defendant's reply in opposition to the Government's summary judgment motion is an collection of rambling assertions which are not specifically responsive to the Government's motion. For instance, Defendant argues that "there was no preponderance of evidence from the government

1

that she is entitled to the property or by introducing affirmative evidence negating the claimant's case in which, proof she's not entitled to the property of such vehicle with hidden compartmen[t]s." Points and Authori[ties] at 3. Additionally, Defendant includes a variety of contentions relating to the sufficiency of the evidence, *see id*. at 4 ("the evidence was insuf[f]icient to [support] her money [laundering] conviction[ ] . . . .); that the "proceedings were fundamentally unfair, politically moti[v]ated, a result of vindictive prosecution, without true investigation, perjured testimony, and the neglect of counsel . . . ," *id*. at 6.

These assertions and arguments are not responsive to the Government's summary judgment motion. Accordingly, after a review of the entire record and for the reasons stated by the Government, which the court finds to be correct and adopts as its findings, the court **grants** the Government's motion for summary judgment and this § 2255 motion is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON McGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 6, 2013