IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:08-590-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Gonzales March, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion filed pursuant to Federal Rule of Civil Procedure 60(b)(4). ECF No. 1502. Defendant argues that his sentence violates Due Process because at sentencing, the court "failed to comply with the Supreme Court's mandate" in *United States v. Chambers*, 555 U.S. 122 (2009). *Id*. at 1. Defendant contends he "invoked *Chambers* in his Section 2255 motion, arguing that a violation of South Carolina's blue light law is not a crime of violence under the categorical approach." *Id*. at 2.

A judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999). A judgment is not void "simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. at 271.

Defendant's motion seeks relief based upon his belief that this court failed to properly apply *Chambers* to his motion for relief under § 2255. Defendant's contention is, in essence, that this

1

court's decision was incorrect. That allegation, however, is not sufficient to obtain relief under Rule 60(b)(4). *See*, *e.g.*, *United Student Aid Funds*, 559 U.S. at 270 (explaining that "[a] void judgment is a legal nullity," and that "[a] judgment is not void, for example, simply because it is or may have been erroneous." (internal quotation marks omitted)). Accordingly, Defendant's motion is **denied**.

To the extent Defendant raises a ground for relief (violation of due process) which was not raised in his previously-denied motion for relief under § 2255, this request for relief is, in reality, a a second or successive motion for relief. Defendant's failure to secure permission to file a second or successive motion in the appropriate court of appeals prior to filing the motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of filing a motion with a court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing this motion is fatal to any action in this court. Accordingly, to the extent

2

Defendant's motion is construed to raise a claim of violation of due process at sentencing, the motion is dismissed as this court is without jurisdiction to entertain it.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 22, 2013