IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | CRIMINAL NO. 3:08-590-CMC |
|---|---|---|
| v. | ) | **OPINION and ORDER** |
| Gonzales March, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's *pro se* motion for reconsideration under Federal Rule of Civil Procedure 59(e). ECF No. 1526. Defendant seeks reconsideration of this court's denial of his motion for relief under Federal Rule of Civil Procedure 60(b)(4).

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

The court has been inundated with Defendant's efforts to undermine the result of his own knowing and voluntary waiver at sentencing of his right to challenge his career offender status.[1] *See, e.g.*, ECF No. 1239 (Motion for Relief under 28 U.S.C. § 2255); ECF No. 1275 (Motion to Alter

---

[1] See lengthy discussion of Defendant's waiver contained in this court's Opinion and Order filed June 10, 2011. ECF No. 1270.

1

or Amend); ECF No. 1339 (Motion for Relief under 28 U.S.C. § 2255); ECF No. 1398 (Motion to Correct Clerical Error Pursuant to Rule 36 of the Federal Rules of Criminal Procedure); ECF No. 1399 (Motion to Correct Clerical Error); ECF No. 1485 (Letter); and ECF No. 1502 (Motion to Set Aside Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4)). This motion is no different. Defendant argues that the court misapprehended the argument presented in his 60(b)(4) motion and, accordingly, he is entitled to relief. The court disagrees, and finds that its previous determination of Defendant's Rule 60(b)(4) motion is correct.

Defendant's motion for reconsideration is **denied**.

**IT IS SO ORDERED.**

        s/ Cameron McGowan Currie
        CAMERON McGOWAN CURRIE
        SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 25, 2013